IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RYAN D. HUMPHREY, | ) | CASE NO. 1:05 CV 1583 |
| | ) | |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| MARGARET BRADSHAW, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## I.  Introduction

Before me by referral[1] is Ryan D. Humphrey's petition for a writ of habeas corpus
pursuant to 28 U.S.C. § 2254.[2]  Humphrey is incarcerated at the Mansfield Correctional
Institution after pleading guilty to one count of aggravated burglary and one count of
aggravated robbery.[3]

Humphrey now asserts two grounds for relief:  (1) the imposition of a prison term in
excess of the maximum statutory sentence based upon fact findings by the court, in the
absence of a valid jury waiver, violated his Sixth Amendment's rights; and (2) he was
deprived of due process of law by the state court refusing to permit an appeal and failing to
advise of the right to appeal or to appoint counsel to do so.[4]

---

[1] ECF # 6.

[2] ECF # 1.

[3] *Id.* at 1.

[4] *Id.*

The State in its return[5] initially maintains that Humphrey's petition was not timely filed under the one-year statute of limitations of 28 U.S.C. § 2244(d).[6]  Further, the State alternatively argues that both claims have been procedurally defaulted and, thus, barred from habeas corpus review.[7]

Humphrey filed a traverse[8] in which he concedes that his petition is untimely but contends that he should be entitled to equitable tolling.  He further asserts that because the purported error of the state trial court was "plain error," the federal habeas court should reach the merits of his claims regardless of procedural default.

As is more fully explained below, I recommend that this petition be dismissed as untimely.

## II.  Facts

### A.    Indictment, plea, and sentence

Humphrey was indicted in Crawford County, Ohio Court of Common Pleas on counts of aggravated burglary, aggravated robbery, and felonious assault.[9]  Humphrey initially pled not guilty to the charges in the indictment.[10]  Humphrey later agreed to withdraw his former

_____

[5] ECF # 9.

[6] *Id.* at 4.

[7] *Id.* at 6.

[8] ECF # 10.

[9] ECF # 9, Attachment 1.

[10] *Id.* at 4.

plea of not guilty and enter pleas of guilty to aggravated robbery and aggravated burglary, in return for the State dropping the assault charge.[11]  The court accepted Humphrey's change of plea and, on September 21, 2000, sentenced Humphrey to two consecutive seven-year terms.[12]

## B.  Post-conviction

Humphrey did not file a timely notice of appeal.[13]  Instead, nearly four years after his conviction and sentencing, Humphrey, *pro se*, filed a notice of appeal and motion for leave to file a delayed appeal.  There Humphrey raised the following two claims of error:

     1.     The trial court erred in imposing non-minimum terms of incarceration.

     2.     The trial court erred in imposing consecutive terms of incarceration.[14]

The State filed a response,[15] advocating denial of the motion for untimeliness. Humphrey filed a motion to strike[16] and a reply.[17]  On August 20, 2004, the appellate court overruled Humphrey's motion for delayed appeal finding insufficient cause for his delay.[18]

-----

[11] *Id.* at 9.

[12] *Id.* at 11.

[13] *Id.* at 22.

[14] *Id.* at Attachment 2.

[15] *Id.* at 4.

[16] *Id.* at 9.

[17] *Id.* at 12.

[18] *Id.* at 14.

On December 6, 2004, Humphrey filed a second untimely notice of appeal[19] and motion for leave to file a delayed appeal in the Ohio Supreme Court, raising the same two propositions of law.[20]  The Ohio Supreme Court denied the motion for delayed appeal and dismissed the appeal on January 26, 2005.[21]

**C.     Federal habeas corpus petition**

On June 9, 2005, Humphrey, *pro se*, filed the instant petition for writ of habeas corpus, presenting two claims for relief:

> GROUND ONE:  The imposition of a prison term in excess of the maximum statutory sentence based upon fact findings by the court, in the absence of a valid jury waiver violated petitioner's Sixth Amendment rights [to trial by jury].
>
> Supporting Facts:  Petitioner was sentenced to a term of incarceration of fourteen years where the statutory maximum was seven years, as O.R.C. 2929.14(E) requires additional fact findings in order to impose consecutive sentences.  The additional facts were not only not found by a jury, but no valid waiver was obtained.   Additionally, the additional facts were clearly erroneous, alleging Major Drug offender in the absence of such a charge or any evidence.
>
> GROUND TWO:  Petitioner was deprived of due process of law by the state court refusing to permit an appeal and failing to advise of the right to appeal or to appoint counsel to do so.

---

[19] *Id.* at 15.

[20] *Id.* at 17.

[21] *Id.* at 21.

Supporting Facts:  The trial court never advised Petitioner of his right to appeal or of the 30 day period to file an appeal.  Further, the trial court failed to appoint counsel to perfect a timely notice of appeal, thereby depriving Petitioner of his due process right to access appellate remedies.  The resultant procedural default is therefore attributable to constitutional deprivations and state credited impediments.[22]

**D.     State response**

The State filed a return,[23] initially maintaining that Humphrey's petition was not timely filed under the one-year statute of limitations of 28 U.S.C. § 2244(d).[24]  The State alternatively argues that both claims have been procedurally defaulted and, thus, barred from habeas corpus review.[25]

Humphrey filed a traverse[26] in which he contends that because the trial court, when imposing the sentence, did not advise him of his right to appeal, he should now be afforded equitable tolling as to his federal habeas petition.[27]  He also argues for the first time that he should be permitted equitable tolling because he suffered a stroke three years before filing this petition, which left him with memory and comprehension difficulties.[28]

---

[22] ECF # 1.

[23] ECF # 9.

[24] *Id.* at 4.

[25] *Id.* at 6.

[26] ECF # 10.

[27] *Id.* at 2.

[28] *Id.*

# III.   Analysis

**A.      Statute of limitations**

The AEDPA imposes a one-year statute of limitations on state prisoners seeking a writ in federal courts.  28 U.S.C. § 2244(d) provides in pertinent part:

> (1)      A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgement of a State court.  The limitations period shall run from the latest of –
>
> (A)      the date on which the judgement became final by the conclusion of direct review or the expiration of time for seeking such review;
>
> (B)      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action.
>
> (2)      The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year period begins to run when the judgment becomes "final by the conclusion of direct review on the time for seeking such review.[29]  A judgment becomes final within 30 days of the state trial court's judgment if the defendant fails to file a timely appeal in the state court.[30]  This 30-day time period runs from the date of sentencing.[31]

---

[29] 28 U.S.C. § 2244(d)(1)(A).

[30] *Flannery v. Wilson*, No. 1:05-cv-2210, 2006 WL 1587376, at *2 (N.D. Ohio June 5, 2006).

[31] *Id.*, citing Ohio R. App. 4(A), also *Burton v. Stewart*, 127 S. Ct. 793, 798 (2007).

Here, Humphrey was sentenced on September 21, 2000.[32]  The state court judgment became final 30 days later on Monday, October, 23, 2000.[33]  Humphrey did not appeal by that date and took no further steps to challenge his conviction and sentence for nearly four years.  More than a year expired, therefore, between the time when Humphrey could have timely sought direct review of the state court judgment and the time when he belatedly attempted to challenge that judgment.  His petition is time barred.

Humphrey's motion for delayed appeal, filed on August 6, 2004,[34] does not affect this conclusion.  Although a motion for delayed appeal may toll the running of the one-year statute of limitations, "it did not cause the statute to begin running anew when the state court denied the motion."[35]  When, as here, the petitioner files the motion for delayed appeal after the statute has already run, that filing does not remove the time bar.[36]

**B.     Tolling of limitations period – cause for untimeliness**

Despite a petitioner's failure to file within the one-year statutory period, the Sixth Circuit has also recognized that the federal habeas limitations period may be equitably tolled

---

[32] ECF # 9, Attachment 1 at 11.

[33] The 30th day was Saturday, October 21, 2000.  Humphrey had until the following Monday, October 23, 2000, to file a notice of appeal.

[34] ECF # 9, Attachment 2 at 1.

[35] *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

[36] *Pratts v. Hurley*, No. 5:04-cv-1875, 2007 WL 1577794, at *3 (N.D. Ohio May 31, 2007).

if a petitioner can establish cause for delay.  In *Dunlap v. United States*,[37] the court held that a federal habeas court should consider five factors in deciding if an untimely petition is eligible for equitable tolling.  Further, "the petitioner bears the burden of demonstrating that he is entitled to equitable tolling."[38]  As set out in *Dunlap*, the five factors to consider in determining appropriateness of equitable tolling of a statute of limitations under 28 U.S.C. § 2244 are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.[39]

The Sixth Circuit has also noted that these five *Dunlap* factors are not meant to be exhaustive of all possible reasons for delay but that a decision as to whether to toll the limitations period "must be decided on a case-by-case basis."[40]

Here, Humphrey does not contest the State's calculation that his habeas petition is untimely.  He does, however, argue that "Petitioner's failure to timely perfect an appeal was caused by ... the trial court's failure to comply with Ohio Crim.R. 32(B) and 44(A)."[41]

---

[37] *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001).

[38] *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (quoting *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003).

[39] *Dunlap*, 250 F.3d at 1008.

[40] *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

[41] ECF # 10 at 3.

Humphrey argues in that regard that the trial court failed to properly advise him of his right to appeal to the state courts.[42]

However, Humphrey fails to show how a failure to properly advise him of his right to file a *state* appeal somehow prevented him from filing a timely *federal* habeas corpus petition.

In the similar case of *Winkfield v. Bagley*,[43] the federal habeas petitioner asserted that his federal petition was untimely because his appellate counsel failed to pursue a direct appeal in state court.[44]  The Sixth Circuit, however, found that, even if his state attorney provided ineffective assistance in not pursuing the state appeal, there was no connection between that action, which only affected his state appeal, and an untimely federal petition.[45] Thus, under those facts, the court concluded that the petitioner had failed to "allege facts that he was so inhibited by the state's action that he was unable to file and state a legal cause of action before the [federal habeas] limitations period expired." [46]

Here, Humphrey does not allege that the trial court misinformed him as to the federal habeas requirements or otherwise interfered with his federal remedies.  If ineffective

---

[42] *Id.*

[43] *Winkfield v. Bagley*, 66 F. App'x 578, 582-83 (6th Cir. 2003) (unpublished).

[44] *Id.*

[45] *Id*.

[46] *Id.* (quoting *Neuendorf v. Graves*, 110 F. Supp. 2d 1144, 1153 (N.D. Iowa, 2000) (internal quotation omitted).

assistance of counsel with respect to a state direct appeal cannot serve as the basis for equitable tolling, then a state trial judge's failure to advise Humphrey of this state appeal right cannot suffice either.

In such a case as here where the petitioner is essentially pleading ignorance of the federal filing deadline, federal habeas courts are "reluctant to find that a lack of actual notice of the AEDPA, or ignorance of the law in general, may excuse a late filing."[47]  This includes cases of ignorance asserted by incarcerated *pro se* petitioners.[48]

Moreover, in order for equitable tolling to apply, the petitioner must actively and diligently pursue habeas relief.[49]  Waiting nearly four years, as here, to file the instant habeas petition would not, of itself, show that Humphrey diligently pursued his habeas relief.[50]

However, Humphrey contends for the first time in his traverse that his delay was due to health issues.  He states that he suffered a stroke three years before filing this habeas petition,[51] which left him with diminished comprehension and capacity, and that he diligently

---

[47] *Starnes v. United States*, No. 99-5144, 18 F. App'x 288, 293 (6th Cir. 2001) (citing *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999)).

[48] *Fisher*, 174 F.3d at 714-15.  ("Ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse [late] filing.")

[49] *See*, *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

[50] *See*, *Starks v. United States*, No. 4:04-CV-2296, 2007 WL 1469412, at *3 (N.D. Ohio, May 16, 2007) (slip copy) (waiting three years to file a habeas petition does not show diligence).

[51] ECF # 10 at 2.

-10-

sought habeas relief "at the moment he was apprised" of the underlying facts that form the basis for his claim.[52]

As noted, a late-filing petitioner has the burden of establishing that he is entitled to equitable tolling.[53]  Here, Humphrey has provided nothing beyond a spare conclusory sentence as to when he suffered his stroke and what specifically were the consequences. Most importantly, this habeas petition was filed over four months after Humphrey, who presumably had recovered sufficient health to begin filing state motions for delayed appeal, received notice that his final motion had been denied by the Ohio Supreme Court.[54]

Even if Humphrey should not here be required to have anticipated the Supreme Court's holding in *Rhines v. Weber* that he could have filed for federal habeas relief at the same time he began his attempt to obtain a delayed appeal in Ohio and then moved to stay and abate the federal proceedings until the state actions were concluded,[55] it can hardly be said that he was "diligent" in pursuing his remedies when he took more time – 134 days – to file what he should have known was an untimely petition for habeas relief than is accorded litigants to file for direct review in the Ohio Supreme Court (45 days) or to seek certiorari from the United States Supreme Court (90 days).

---

[52] *Id.*

[53] *Allen*, 366 F.3d at 401.

[54] The Supreme Court of Ohio denied Humphrey's final motion for delayed appeal on January 26, 2005 and his federal habeas petition filed June 9, 2005.

[55] *See*, *Rhines v. Weber*, 544 U.S. 269, 276 (2005).

Because Humphrey (1) cannot show how any failure of the trial judge to properly explain his rights to a state appeal affected the timeliness of his federal habeas petition, and (2) does not provide specific evidence of his physical impairments nor of (3) why, even after he apparently recovered enough to begin filing motions in state court, he waited over four months to file this petition, I recommend finding that equitable tolling does not apply.

Finally, because of the preceding recommendation, it is not necessary to address the issue of procedural default nor consider Humphrey's claims on the merits.

## IV.  Conclusion

For the foregoing reasons, I recommend that the petition be dismissed as time-barred since Humphrey filed it beyond the limitations period and has failed to establish that he is entitled to equitable tolling.

Dated:   October 25, 2007                          s/ William H. Baughman, Jr.

                                               United States Magistrate Judge


## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[56]

---

[56] *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).