IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **RYAN D. HUMPHREY,** | ) CASE NO.  1:05 CV 1583 |
| Petitioner, | ) |
| v. | ) **JUDGE DONALD C. NUGENT** |
| **MARGARET BRADSHAW, WARDEN,** | ) Magistrate Judge William H. Baughman, Jr. |
| Respondent. | ) <u>**MEMORANDUM OPINION**</u> |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge William H. Baughman, Jr.  The Report and Recommendation (Document #11) is ADOPTED by this Court.  Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Document #1) is hereby DISMISSED.

**Factual and Procedural History**

As set forth by the Magistrate Judge, the factual and procedural history of this case is as follows:

**A. Indictment, plea, and sentence**

Humphrey was indicted in Crawford County, Ohio Court of Common Pleas on counts of aggravated burglary, aggravated robbery, and felonious assault.  Humphrey initially pled not guilty to the charges in the indictment. Humphrey later agreed to withdraw his former plea of not guilty and enter pleas of guilty to aggravated robbery and aggravated burglary, in return for the State dropping the assault charge.  The court accepted Humphrey's change of plea and, on September 21, 2000, sentenced Humphrey to two

consecutive seven-year terms.

### B. Post-conviction

Humphrey did not file a timely notice of appeal. Instead, nearly four years after his conviction and sentencing, Humphrey, *pro se*, filed a notice of appeal and motion for leave to file a delayed appeal. There Humphrey raised the following two claims of error:

> 1. The trial court erred in imposing non-minimum terms of incarceration.
>
> 2. The trial court erred in imposing consecutive terms of incarceration.

The State filed a response, advocating denial of the motion for untimeliness. Humphrey filed a motion to strike and a reply. On August 20, 2004, the appellate court overruled Humphrey's motion for delayed appeal finding insufficient cause for his delay.

On December 6, 2004, Humphrey filed a second untimely notice of appeal and motion for leave to file a delayed appeal in the Ohio Supreme Court, raising the same two propositions of law. The Ohio Supreme Court denied the motion for delayed appeal and dismissed the appeal on January 26, 2005.

### C. Federal habeas corpus petition

On June 9, 2005, Humphrey, *pro se*, filed the instant petition for writ of habeas corpus, presenting two claims for relief:

> GROUND ONE: The imposition of a prison term in excess of the maximum statutory sentence based upon fact findings by the court, in the absence of a valid jury waiver violated petitioner's Sixth Amendment rights [to trial by jury].
>
> Supporting Facts: Petitioner was sentenced to a term of incarceration of fourteen years where the statutory maximum was seven years, as O.R.C. 2929.14(E) requires additional fact findings in order to impose consecutive sentences. The additional facts were not only not found by a jury, but no valid waiver was obtained. Additionally, the additional facts were clearly erroneous, alleging Major Drug offender in the absence of such a charge or any evidence.

> GROUND TWO: Petitioner was deprived of due process of law by the state court refusing to permit an appeal and failing to advise of the right to appeal or to appoint counsel to do so.
>
> Supporting Facts: The trial court never advised Petitioner of his right to appeal or of the 30 day period to file an appeal. Further, the trial court failed to appoint counsel to perfect a timely notice of appeal, thereby depriving Petitioner of his due process right to access appellate remedies. The resultant procedural default is therefore attributable to constitutional deprivations and state credited impediments.
>
> **D.     State response**
>
> The State filed a return, initially maintaining that Humphrey's petition was not timely filed under the one-year statute of limitations of 28 U.S.C. § 2244(d).  The State alternatively argues that both claims have been procedurally defaulted and, thus, barred from habeas corpus review.
>
> Humphrey filed a traverse in which he contends that because the trial court, when imposing the sentence, did not advise him of his right to appeal, he should now be afforded equitable tolling as to his federal habeas petition. He also argues for the first time that he should be permitted equitable tolling because he suffered a stroke three years before filing this petition, which left him with memory and comprehension difficulties.

Report and Recommendation dated October 25, 2007, Document #11 (citations omitted).

The Magistrate Judge issued a Report and Recommendation on October 25, 2007. (Document 11.)  The Magistrate Judge recommends that the Petition be dismissed on the basis that it is time-barred since Petitioner filed it beyond the limitations period and has failed to establish that he is entitled to equitable tolling.  Petitioner has not filed any objections to the Report and Recommendation.

### Standard of Review for a Magistrate Judge's Report and Recommendation

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to the report.  When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*.  FED. R. CIV. P. 72(b) provides:

-3-

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

The text of Rule 72(b) addresses only the review of reports to which objections have been made; it does not indicate the appropriate standard of review for those reports to which no objections have been properly made. The Advisory Committee on Civil Rules commented on a district court's review of *unopposed* reports by magistrate judges. In regard to subsection (b) of Rule 72, the advisory committee stated: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted).

The U.S. Supreme Court stated in *Thomas v. Arn*, 474 U.S. 140, 150 (1985): "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." Notwithstanding the foregoing, the Court has reviewed the Report and Recommendation of the instant case *de novo*. *See Delgado v. Bowen*, 782 F.2d 79 (7th Cir. 1986).

**Conclusion**

The Court has reviewed the Report and Recommendation and finds it to be well-reasoned and correct. The Court agrees with, and adopts, the findings and conclusions of Magistrate Judge Baughman as its own. The Court hereby ADOPTS the Report and Recommendation of Magistrate Judge Baughman (Document #11) in its entirety. Petitioner's Petition for Habeas Corpus (Document #1) is hereby DISMISSED as it is untimely.

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); FED. R. APP. P. 22(b).

IT IS SO ORDERED.

s/Donald C. Nugent  
DONALD C. NUGENT  
United States District Judge

DATED: December 4, 2007